PER CURIAM Opinion; Concurrence by Judge THOMAS; Dissent by Judge TALLMAN; Partial Concurrence and Partial Dissent by Judge BERZON; Partial Concurrence and Partial Dissent by Judge PREGERSON; Partial Dissent by Chief Judge KOZINSKI.
OPINION
PER CURIAM:
Trinidad y Garcia alleges that his extradition to the Philippines would violate his rights under the Convention Against Torture (CAT)[1] and the Fifth Amendment’s Due Process Clause. The CAT is a treaty signed and ratified by the United States, but is non-self-executing. 136 Cong. Rec. 36,198 (1990). Congress, however, has implemented the treaty by statute as part of *956 the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA). 8 U.S.C. § 1231 note. That statute declares it “the policy of the United States not to ... extradite ... any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture.” Id. The statute requires that “the appropriate agencies ... prescribe regulations to implement the obligations of the United States under Article 3 of the United Nations Convention Against Torture.” Id.
The appropriate agency is the Department of State, and it adopted regulations specifying that, “[i]n each case where allegations relating to torture are made ..., appropriate policy and legal offices review and analyze information relevant to the case in preparing a recommendation to the Secretary as to whether or not to sign the surrender warrant.” 22 C.F.R. § 95.3(a). An extraditee may be surrendered only after the Secretary makes a determination regarding possible torture. Id. § 95.2-.3.
1. The district court had jurisdiction over the action pursuant to 28 U.S.C. § 2241, which makes the writ of habeas corpus available to all persons “in custody in violation of the Constitution or laws or treaties of the United States,” and under the Constitution. 28 U.S.C. § 2241(c)(3); Heikkila v. Barber, 345 U.S. 229, 234-35, 73 S.Ct. 603, 97 L.Ed. 972 (1953); United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 268, 74 S.Ct. 499, 98 L.Ed. 681 (1954). The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention. INS v. St. Cyr, 533 U.S. 289, 301-03, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).
2. Neither the REAL ID Act (8 U.S.C. § 1252(a)(4)) nor FARRA (8 U.S.C. § 1231 note) repeals all federal habeas jurisdiction over Trinidad y Garcia’s claims, as the government asserts. A statute must contain “a particularly clear statement” before it can be construed as intending to repeal habeas jurisdiction. Demore v. Kim, 538 U.S. 510, 517, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003). Even if a sufficiently clear statement exists, courts must determine whether “an alternative interpretation of the statute is ‘fairly possible’ ” before concluding that the law actually repealed habeas relief. St. Cyr, 533 U.S. at 299-300, 121 S.Ct. 2271(quoting Crowell v. Benson, 285 U.S. 22, 62, 52 S.Ct. 285, 76 L.Ed. 598 (1932)).
FARRA lacks sufficient clarity to survive the “particularly clear statement” requirement. Saint Fort v. Ashcroft, 329 F.3d 191, 200-02 (1st Cir.2003); Wang v. Ashcroft, 320 F.3d 130, 140-42 (2d Cir.2003). The REAL ID Act can be construed as being confined to addressing final orders of removal, without affecting federal habeas jurisdiction. Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir.2006). Given a plausible alternative statutory construction, we cannot conclude that the REAL ID Act actually repealed the remedy of habeas corpus. St. Cyr, 533 U.S. at 299-300, 121 S.Ct. 2271. The government also suggests that the rule of non-inquiry precludes the exercise of habeas jurisdiction. But the rule implicates only the scope of habeas review; it does not affect federal habeas jurisdiction.
3. The CAT and its implementing regulations are binding domestic law, which means that the Secretary of State must make a torture determination before surrendering an extraditee who makes a CAT claim. FARRA and its regulations generate interests cognizable as liberty interests under the Due Process Clause, which guarantees that a person will not be “deprived of life, liberty, or property, without due process of law.” U.S. Const. amend. V; Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *957 Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).
4. The process due here is that prescribed by the statute and implementing regulation: The Secretary must consider an extraditee’s torture claim and find it not “more likely than not” that the ex-traditee will face torture before extradition can occur. 22 C.F.R. § 95.2. An extraditee thus possesses a narrow liberty interest: that the Secretary comply with her statutory and regulatory obligations.
5. The record before us provides no evidence that the Secretary has complied with the procedure in Trinidad y Garcia’s case. The State Department has submitted a generic declaration outlining the basics of how extradition operates at the Department and acknowledging the Department’s obligations under the aforementioned treaty, statute and regulations, but the Department gives no indication that it actually complied with those obligations in this case.
Trinidad y Garcia’s liberty interest under the federal statute and federal regulations entitles him to strict compliance by the Secretary of State with the procedure outlined in the regulations. He claims that the procedure has not been complied with, and the Constitution itself provides jurisdiction for Trinidad y Garcia to make this due process claim in federal court. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
In the absence of any evidence that the Secretary has complied with the regulation, we lack sufficient basis in the record to review the district court’s order granting Trinidad y Garcia’s release. We remand to the district court so that the Secretary of State may augment the record by providing a declaration that she has complied with her obligations. Counsel for the government represented that the Secretary would provide such a declaration if the court so instructs. We so instruct.
6. If the district court receives such a declaration, it shall determine whether it has been signed by the Secretary or a senior official properly designated by the Secretary. If so, the court’s inquiry shall have reached its end and Trinidad y Garcia’s liberty interest shall be fully vindicated. His substantive due process claim is foreclosed by Munaf v. Geren, 553 U.S. 674, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008). The doctrine of separation of powers and the rule of non-inquiry block any inquiry into the substance of the Secretary’s declaration. Lopez-Smith v. Hood, 121 F.3d 1322, 1326-27 (9th Cir.1997). To the extent that we have previously implied greater judicial review of the substance of the Secretary’s extradition decision other than compliance with her obligations under domestic law, e.g., Cornejo-Barreto v. Seifert, 218 F.3d 1004, 1012 (9th Cir.2000), we overrule that precedent.
7. The district court’s order is vacated, and the case is remanded to the district court for proceedings consistent with this opinion.
VACATED AND REMANDED.

. United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment, adopted by unanimous agreement of the U.N. General Assembly, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51 at 197, U.N. Doc. A/RES/39/708 (1984), entered into force as to the United States Nov. 20, 1994, signed Apr. 18, 1988.