**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SUMONTINEE SRIDEJ,

    *Petitioner-Appellant*,

v.

ANTONY J. BLINKEN; MERRICK
B. GARLAND, Attorney General;
GARY SCHOFIELD; LUIS ROSA,
Jr., Warden,

    *Respondents-Appellees*.

No. 23-16021

D.C. No.
2:23-cv-00114-
ART-BNW

OPINION

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted May 8, 2024
Pasadena, California

Filed July 23, 2024

Before: Kim McLane Wardlaw, Morgan Christen, and
Mark J. Bennett, Circuit Judges.

Opinion by Judge Christen

# SUMMARY[*]

## Habeas Corpus

The panel affirmed the district court's order denying Sumontinee Sridej's motion to reopen habeas corpus proceedings and provide relief from the Secretary of State's grant of Thailand's request for Sridej's extradition pursuant to the extradition treaty between Thailand and the United States.

The panel held that the Secretary of State established that, in granting extradition for Thailand to prosecute Sridej for fraud, the Secretary properly considered whether Sridej would face a risk of torture, as required under the Convention Against Torture's implementing regulations.

The panel concluded that a declaration by an Attorney Adviser at the Office of the Legal Adviser for the Department of State was sufficient to establish that the Secretary complied with his obligation to consider whether it was more likely than not that Sridej would face torture if she were extradited to Thailand. The panel held that there was no requirement that the declaration be signed by the Secretary or a senior official properly designated by the Secretary. Rather, what was required was competent evidence that the Secretary or a properly designated official made the determination required by CAT's implementing regulations. The panel also held that the declaration need not include a case-specific explanation for the extradition decision because the doctrine of separation of powers and

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the doctrine of non-inquiry blocked any inquiry into the substance of the declaration.

The panel resolved additional issues in a concurrently filed memorandum disposition.

**COUNSEL**

Jeremy C. Baron (argued) and Wendi L. Overmyer, Assistant Federal Public Defenders; Rene L. Valladares, Federal Public Defender; Federal Public Defender's Office, Las Vegas, Nevada; for Petitioner-Appellant.

Adam McMeen Flake (argued), Assistant United States Attorney; Jason M. Frierson, Unted States Attorney; Robert L. Ellman, Appellate Chief; Office of the United States Attorney; Las Vegas, Nevada, for Respondents-Appellees.

## OPINION

CHRISTEN, Circuit Judge:

The United States seeks to extradite Appellant Sumontinee Sridej to the Kingdom of Thailand, which requests her extradition because it intends to prosecute her for committing fraud in Thailand. Sridej argues the Secretary of State has not complied with his obligations under the Convention Against Torture's (CAT) implementing regulations because he failed to consider that she would face a substantial risk of torture if extradited to Thailand.[1] We must decide whether the Secretary established in this case that he properly considered whether Sridej would face a risk of torture. We conclude that he did.

## BACKGROUND

### The Treaties

The United States and Thailand signed the extradition treaty at issue on December 14, 1983. The treaty went into force on May 17, 1991. In Article 1 of the treaty, the parties "agree[d] to extradite to each other . . . persons found in the territory of one of the [parties] who . . . have been charged with . . . an extraditable offense, by the judicial authority of the Requesting State."

The United States has also signed and ratified the CAT. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005). Congress implemented the CAT as part of the Foreign Affairs Reform and Restructuring Act of 1998 (FARRA), which "declares it 'the policy of the United States not to . . .

---

[1] We resolve the remaining issues on appeal in a concurrently filed memorandum disposition.

extradite . . . any person to a country in which there are substantial grounds for believing the person would be in danger of being subjected to torture.'" *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 8 U.S.C. § 1231 note (a) (United States Policy With Respect to Involuntary Return of Persons in Danger of Subjection to Torture)). In FARRA, Congress required "appropriate agencies"—including the Department of State—to "prescribe regulations to implement the obligations of the United States under Article 3 of the [CAT]." § 1231 note (b); *see also Trinidad y Garcia*, 683 F.3d at 956. The Department of State implemented such regulations. *See* 22 C.F.R. §§ 95.1–95.4.

## Extradition Proceedings

Sridej, a Thai citizen, previously worked as the Assistant Director for Sales and Marketing at an electronics wholesaler in Thailand. The Thai government alleges that, from 2013 to 2015, she defrauded her employer by stealing electronics worth roughly $4 million.

In January 2015, Sridej left Thailand and entered the United States. Shortly thereafter, a Thai court issued an arrest warrant for Sridej on fraud charges. Rather than returning to Thailand, Sridej moved to Las Vegas, Nevada, and began a new life.

Years later, in 2022, Thailand requested Sridej's extradition pursuant to the extradition treaty between Thailand and the United States. In response, the United States filed a complaint pursuant to 18 U.S.C. § 3184 in federal district court, seeking the arrest and extradition of Sridej. On January 6, 2023, a magistrate judge certified Sridej's extradition.

Later that month, Sridej filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her extradition. The district court denied the petition. With respect to Sridej's argument concerning her risk of torture, the district court denied relief without prejudice to Sridej renewing her claim after the Secretary of State reached a formal extradition determination. Sridej timely appealed that order.

Roughly a month later, the United States notified the district court that the Secretary of State had granted Thailand's request for extradition. Sridej subsequently filed a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b) and requested an indicative ruling. The district court denied the motion pursuant to its authority under Federal Rule of Civil Procedure 62.1(a)(2). Sridej timely filed an amended notice of appeal.

## JURISDICTION AND SCOPE OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's ruling on a Rule 60(b) motion for abuse of discretion and review any underlying questions of law de novo. *Washington v. Ryan*, 833 F.3d 1087, 1091 (9th Cir. 2016) (en banc).

## DISCUSSION

### Legal Framework for Torture Claims in Extradition Cases

We previously addressed the scope of judicial review for torture claims in extradition proceedings in *Trinidad y Garcia v. Thomas*, 683 F.3d 952 (9th Cir. 2012) (en banc) (per curiam). There, we recognized that the CAT "and its implementing regulations are binding domestic law," and that an extraditee "possesses a narrow liberty interest" under

the Due Process Clause in the Secretary of State complying with those regulations. *Id.* at 956–57.

The CAT's implementing regulations provide that "the Secretary [of State] is the U.S. official responsible for determining whether to surrender a fugitive to a foreign country by means of extradition." 22 C.F.R. § 95.2(b); *see also* 22 C.F.R. § 95.3(b). To fulfill the United States's obligations under the CAT, the Department of State considers, when appropriate, "the question of whether a person facing extradition from the U.S. 'is more likely than not' to be tortured in the State requesting extradition." § 95.2(b). Where an extraditee raises torture allegations, the "appropriate policy and legal offices review and analyze information relevant to the case in preparing a recommendation to the Secretary as to whether or not to sign the surrender warrant." § 95.3(a). Based on these analyses, the Secretary decides whether to surrender the extraditee. § 95.3(b). Accordingly, the regulations provide that "the Secretary of State *must* make a torture determination before surrendering an extraditee who makes a CAT claim" and must "find it not 'more likely than not' that the extraditee will face torture." *Trinidad y Garcia*, 683 F.3d at 956–57.

We concluded in *Trinidad y Garcia* that the record must contain evidence that the Secretary complied with his obligations. *See id.* at 957. If it does so, the extraditee's "liberty interest shall be fully vindicated." *Id.* "The doctrine of separation of powers and the rule of non-inquiry block any" substantive review beyond ensuring the Secretary's

"compliance with [his] obligations under domestic law." *Id.***2**

Applying these principles in *Trinidad y Garcia*, we noted the record "provide[d] no evidence that the Secretary ha[d] complied with the procedure" prescribed in the regulations "in Trinidad y Garcia's case." *Id.* Instead, the Department of State relied on "a generic declaration outlining the basics of how extradition operates at the Department and acknowledging the Department's obligations under the [CAT]." *Id.***3** Because we lacked "any evidence that the Secretary ha[d] complied with the regulation," we "lack[ed] sufficient basis in the record to review the district court's order." *Id.*

Given this lack of evidence, counsel for the government represented at oral argument that, if the court so instructed, the Secretary would supply "a declaration that she ha[d] complied with her obligations." *Id.*; *see also id.* at 961 (S.R. Thomas, J., concurring). We remanded and instructed the government to do so. *Id.* at 957 (per curiam). We explained that "[i]f the district court receives such a declaration" on remand, "it shall determine whether it has been signed by the Secretary or a senior official properly designated by the Secretary." *Id.* "If so," we recognized, "the court's inquiry shall have reached its end." *Id.*

---

[2] Under the "rule of non-inquiry," "it is the role of the Secretary of State, not the courts, to determine whether extradition should be denied on humanitarian grounds or on account of the treatment that the fugitive is likely to receive upon his return to the requesting state." *Prasoprat v. Benov*, 421 F.3d 1009, 1016 (9th Cir. 2005).

[3] The surrender warrant signed by the Secretary was not in the record. *See Trinidad y Garcia*, 683 F.3d at 962 (S.R. Thomas, J., concurring); *id.* at 982 (Tallman, J., dissenting).

## Sridej's Torture Claim

To show that the Secretary complied with his obligations in this case, the United States relies on the declaration of Tom Heinemann, an Attorney Adviser at the Office of the Legal Adviser for the Department of State.[4]  The declaration states that "Acting Deputy Secretary of State Nuland authorized Sumontinee Sridej's extradition" following "a review of all pertinent information."  After explaining the procedures required by the CAT's implementing regulations, Heinemann asserts: "As the official responsible for managing the Department's responsibilities in this case, I confirm that the decision to surrender Sumontinee Sridej to Thailand complies with the United States' obligations under the Convention and its implementing statute and regulations."

Sridej argues this evidence fails to establish that the Secretary of State complied with his obligation to consider whether it is more likely than not that Sridej will face torture if she is extradited to Thailand.  Sridej raises two separate arguments.  First, Sridej contends that Heinemann's declaration is not signed by a suitable official because Heinemann is neither "the Secretary [n]or a senior official properly designated by the Secretary," *Trinidad y Garcia*, 683 F.3d at 957.  Second, Sridej argues that Heinemann's declaration lacks a sufficient case-specific explanation for how the Secretary reached his decision.  We reject both arguments.

---

[4] At oral argument, counsel for the government conceded that the surrender warrant signed by Acting Deputy Secretary of State Nuland is not in the record.

We begin with Sridej's argument concerning the declaration's signatory. Sridej interprets *Trinidad y Garcia* to require that, where the government relies on a declaration to establish the Secretary's compliance with the CAT's regulations, that declaration must be "signed by the Secretary or a senior official properly designated by the Secretary." *Id.* Sridej misreads *Trinidad y Garcia*. There, where there was "no evidence that the Secretary complied with the procedure" set forth in the CAT's implementing regulations, the United States "represented that *the Secretary* would provide . . . a declaration" showing "that she complied with her obligations." *Id.* (emphasis added).[5] Because we understood that the official responsible for considering the risk of torture—the Secretary—would provide a declaration on remand, we directed that if the district court received such a declaration, it should verify that the declaration was "signed by the Secretary or a senior official properly designated by the Secretary." *Id.* We did so to ensure that the consideration of torture risks required by the CAT's implementing regulations was undertaken by someone with proper authority.[6]

---

[5] At oral argument in *Trinidad y Garcia*, the government endorsed the view that the court may require submission of "a certification or affidavit from the Secretary or her authorized designee certifying compliance with the non-discretionary obligations imposed by statute and regulation." *Id.* at 961 (S.R. Thomas, J., concurring).

[6] "Unless otherwise specified in law, the Secretary may delegate authority to perform any of the functions of the Secretary or the Department to officers and employees under the direction and supervision of the Secretary." 22 U.S.C. § 2651a(a)(4). Although "the Secretary is the U.S. official responsible for determining whether to surrender a fugitive to a foreign country by means of extradition," 22 C.F.R. § 95.2(b), the regulations provide that "Secretary means

Here, by contrast, the government has not provided a declaration from the official responsible for considering the risk of torture in Sridej's case. Instead, the government relies on a declaration from Heinemann, an Attorney Adviser within the Department of State who is "the official responsible for managing the Department's responsibilities in this case." Because the government offered different evidence to show that it complied with its obligations under the CAT, the government was not necessarily required to provide a declaration signed by the Secretary or a senior official properly designated by the Secretary. *See Trinidad y Garcia*, 683 F.3d at 957 (directing the district court to determine that the signatory was the Secretary or his designee who made the determination required by the CAT "[i]f it receives *such a declaration*" (emphasis added)). What was required was competent evidence that the Secretary or a properly designated official made the determination required by CAT's implementing regulations.[7]

The CAT's implementing regulations require that the Secretary make a determination about the risk of torture. 22 C.F.R. §§ 95.2–95.3; *Trinidad y Garcia*, 683 F.3d at 956–57. Here, unlike in *Trinidad y Garcia*, the record contains evidence that shows Acting Deputy Secretary Nuland actually complied with the regulations in Sridej's case. Thus, Sridej's narrow liberty interest has been vindicated. *Trinidad y Garcia*, 683 F.3d at 957.

---

Secretary of State and includes . . . the Deputy Secretary of State, by delegation" 22 C.F.R. § 95.1(d).

[7] Because Sridej does not contend that Acting Deputy Secretary Nuland lacked the authority to fulfill the Secretary's duties regarding the consideration of the risk of torture, we do not address that issue.

As for Sridej's argument that Heinemann's declaration lacks a case-specific explanation for the extradition decision, this argument is foreclosed by *Trinidad y Garcia*. We expressly held that "[t]he doctrine of separation of powers and the rule of non-inquiry block *any inquiry* into the substance of the Secretary's declaration." *Id.* (emphasis added). And we expressly overruled prior decisions implying judicial review beyond ensuring that the Secretary complied "with her obligations under domestic law." *Id.* Thus, a declarant with knowledge that the Secretary or his designee has made the determination required by the CAT need only verify that the Secretary "has complied with her obligations." *Id.* Heinemann's declaration clears this hurdle.

Accordingly, we affirm the district court's order denying Petitioner's Rule 60(b) motion.[8]

**AFFIRMED**.

---

[8] We deny as moot Sridej's Motion for Stay of Extradition Pending Appeal (Dkt. 20).